**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| CALUMET PHOTOGRAPHIC, INC., *et al.* | ) | Case No.  14-08893 |
|  | ) |  |
|  | ) | Hon. Eugene R. Wedoff |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF FIRST INTERIM FEE APPLICATION OF
JENNER & BLOCK LLP, AS COUNSEL FOR THE TRUSTEE,
FOR PAYMENT OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM MARCH 12, 2014 THROUGH OCTOBER 31, 2014**

TO:    SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on December 10, 2014, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, and present the attached **First Interim Fee Application of Jenner & Block LLP, As Counsel For The Trustee, For Payment Of Interim Compensation For Services Rendered And For Reimbursement Of Expenses Incurred For The Period From March 12, 2014 Through October 31, 2014**, at which time and place you may appear as you see fit.

CATHERINE STEEGE, not individually but as chapter 7 Trustee for the bankruptcy estate of each of the above-captioned debtors.

BY:_____/s/ Catherine Steege_____
　　　　　　　*Catherine Steege*

Catherine Steege (6183529)
Melissa M. Root (6288246)
Landon S. Raiford (6297473)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456

Dated:  November 19, 2014

<u>**CERTIFICATE OF SERVICE**</u>

I, Catherine Steege certify that, on November 19, 2014, I caused a copy of the foregoing **Notice of Application** and **First Interim Fee Application of Jenner & Block LLP, As Counsel For The Trustee, For Payment Of Interim Compensation For Services Rendered And For Reimbursement Of Expenses Incurred For The Period From March 12, 2014 Through October 31, 2014** to be served upon the attached Service List by the Court's ECF electronic mail service.

*/s/ Catherine Steege*
Catherine Steege

**ECF NOTIFICATION**:

| | |
|---|---|
| Debtors' Counsel /ProCamera LLC (f/k/a) CalPhoto US, LLC<br><br>**Mark A. Berkoff**<br>**Nicholas M. Miller**<br>Neal, Gerber & Eisenberg LLP<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-3801<br>Phone: (312) 269-8072/(312)269-5654<br>Fax: (312) 980-0786<br>Email: mberkoff@ngelaw.com<br>Email: nmiller@ngelaw.com,<br>ecfdocket@ngelaw.com,cdennis@ngelaw.com,<br>mmirkovic@ngelaw.com | U.S. Trustee<br>**Patrick S Layng**<br>Office of the U.S. Trustee, Region 11<br>219 S Dearborn St<br>Room 873<br>Chicago, IL 60604<br>Phone: (312) 886-5785<br>Email: USTPRegion11.ES.ECF@usdoj.gov<br>Fax: (312) 886-5794 |
| Counsel for IAC Goose Island LLC<br><br>**Michael K. Desmond**<br>**William G. Cross**<br>Figliulo & Silverman, P.C.<br>10 S. LaSalle, Suite 3600<br>Chicago, IL 60603<br>Phone: (312) 251-4600<br>Fax: (312) 251-4610<br>Email: mdesmond@fslegal.com,<br>dorisbay@fslegal.com, wcross@fslegal.com | **Gregory Stern**<br>**Gregory Stern**<br>Gregory Stern, P.C.<br>53 W. Jackson Blvd, Suite 1442<br>Chicago, IL 60604<br>Email: Gstern1@flash.net,<br>steve_horvath@ilnb.iscourts.gov |
| Counsel for BankDirect Capital Finance, LLC<br><br>**Andrew D. Arons**<br>Williams, Bax & Saltzman, P.C.<br>221 N. LaSalle Street, Ste. 3700<br>Chicago, IL 60601<br>Phone: (312) 372-3311<br>Fax: (312) 372-5720<br>Email: arons@wbs-law.com | Counsel for RedRidge Finance Group, LLC, Credit Value Partners, LP, Credit Value Fund III, LP and Credit Value Distressed Duration Fund, LP,Chase Paymentech LLC<br><br>**Peter A. Siddiqui**<br>**Kenneth J. Ottaviano**<br>Katten Muchin Rosenman LLP<br> 525 West Monroe Street, Ste 1900<br>Chicago, IL 60661-3693<br>Phone(312)902-5200<br>Fax: (312) 902-1061/(312) 577-4662<br>Email:peter.siddiqui@kattenlaw.com |

| | |
|---|---|
| Counsel for BankDirect Capital Finance, LLC<br><br>**Louis J. Gale**<br>Williams, Bax & Saltzman, P.C.<br>221 N. LaSalle Street, Ste. 3700<br>Chicago, IL 60601<br>Phone: (312) 372-3311<br>Fax: (312) 372-5720 | Counsel for Canon U.S.A.<br><br>**Nancy A. Peterman**<br>**Rebecca D. Rosenthal**<br>Greenberg Traurig, LLP<br>77 West Wacker Dr., Suite 3100<br>Chicago, IL 60601<br>Phone: (312) 456-8400<br>Fax: (312) 456-8435<br>Email: petermann@gtlaw.com,<br>ChiBkyDocket@gtlaw.com;<br>greenbergc@gtlaw.com ,<br>rosenthalr@gtlaw.com |
| Counsel for  George L. Eastman Co., LLC<br><br>**Francis X Buckley**<br>Thompson Coburn LLP<br>55 East Monroe, 37th Floor<br>Chicago, IL 60603<br>Phone: (312) 580-2210<br>Fax: (312) 782-1040<br>Email: fxbuckleyjr@thompsoncoburn.com,<br>aversis@thompsoncoburn.com | Counsel for Experian Marketing Solutions, Inc. and CheetahMail, Inc.<br><br>**Joseph D. Frank**<br>**Reed Heiligman**<br>Frank Gecker LLP<br>325 North La Salle, St. Suite 625<br>Chicago, IL 60654<br>Phone: (312) 276-1400<br>Fax: (312) 276-0035 |
| Counsel for Congressional Village Associates, LLC, a Maryland LLC<br><br>**Richard M. Fogel**<br>Shaw Fishman<br>321 N. Clark St., Suite 800<br>Chicago, IL 60654<br>Phone: (312) 276-1334<br>Fax: (312) 980-3888<br>Email: rfogel@shawfishman.com | Counsel for Paymentech, LLC<br><br>**William J. Connelly**<br>Hinshaw & Culbertson LLP<br>222 N. LaSalle Street, Suite 300<br>Chicago, IL 60601<br>Phone: (312) 704-3000<br>Fax: (312) 704-3001 |
| Counsel for First Flight Soultions, LLC<br><br>**Christopher M. Cahill**<br>**Lowis & Gellen LLP**<br>200 West Adams Street, Suite 1900<br>Chicago, IL 60606<br>Phone: (312) 364-2500<br>Fax: (312) 364-1003<br>Email: ccahill@lowis-gellen.com,<br>abockman@lowis-gellen.com | Counsel for Charles Park Two, LLC<br><br>**Zachary J. Garrett**<br>Goldberg Kohn Ltd.<br>55 East Monroe, Suite 3300<br>Chicago, IL 60603<br>Phone: (312) 201-4000<br>Fax: (312) 863-7449 |

| | |
|---|---|
| Counsel for D&K Real Estate Service Corp.<br><br>**Barbara L. Yong**<br>Golan & Christie LLP<br>70 West Madison St., Suite 1500<br>Chicago, IL 60602<br>Phone: (312) 263-2300<br>Fax: (312) 263-0939<br>Email:  blyong@golanchristie.com, | Counsel for The Oaks of Oak Brook, LLC<br><br>**David M. Blau, Esq.**<br>Clark Hill PLC<br>151 S. Old Woodward Ave., Suite 200<br>Birmingham, MI 48009<br>Phone: (248) 988-1817<br>Fax: (248) 988-2336<br>Email: dblau@clarkhill.com |
| Counsel for Hasselblad Bron, Inc.<br><br>**Edward J. Lesniak**<br>Burke, Warren, MacKay & Serritella, P.C.<br>330 North Wabash Ave., 21st Floor<br>Chicago, IL 60611<br>Phone: (312) 840-7000<br>Fax: (312) 840-7900 | Counsel for Charles Park Two, LLC<br><br>**Douglas B. Rosner**<br>Goulston &Storrs<br>A Professional Corporation<br>400 Atlantic Avenue<br>Boston, Massachusetts 02110-3333<br>Phone: (617) 482-1776<br>Fax: (617) 574-4112<br>Email: DRosner@GOULSTONSTORRS.com |
| Keeney Family Trust<br><br>**Sara E. Lorber**<br>**William J. Factor**<br>Law offices of William J. Factor, Ltd<br>105 W. Madison St., Suite 1500<br>Chicago ,IL 60602<br>Phone: (312) 373-7227/(312) 878-6146 | Counsel for Square 407 Limited Partnership<br><br>**J. David Folds**<br>Baker Donelson Bearman Caldwell &<br>Berkowitz PC<br>901 K. Street NW, Suite 900<br>Washington, DC 20001<br>Phone: (202) 508-3441<br>Fax: (202) 220-2241<br>dfolds@bakerdonelson.com |
| Counsel for Gateway Shoppes, LLC<br><br>**Charles M. Tatelbaum**<br>**Paul Lopez**<br>Tripp Scott<br>110 Southeast 6 Street, Suite 1500<br>Fort Lauderdale, FL 33301<br>Phone: (954) 525-7500<br>Fax: (954-761-8475)<br>Email: cmt@trippscott.com; pol@trippscott.com | **Marc Fenton**<br>Statman Harris<br>200 West Madison, Suite 3820<br>Chicago, IL 60606<br>Phone: (312) 263-1070<br>Fax: (312) 263-1201<br>Email: mfenton@statmanharris.com |

| | |
|---|---|
| Counsel for Sleepy's, LLC<br><br>**Gerard S. Catalanello**<br>**Matthew Olins**<br>Duane Morris<br>1540 Broadway<br>New York, NY 10036-4086<br>Phone: (212) 692-1037<br>Fax: (212) 672-1173<br><br>gcatalanello@duanemorris.com | Counsel for The Oaks of Oakbrook, LLC<br><br>**Scott N. Schreiber**<br>Clark Hill PLC<br>150 North Michigan Ave.<br>Suite 2700<br>Chicago, IL 60601<br>sschreiber@clarkhill.com<br>Phone: (312) 670-2000 |
| Counsel for Pretzel & Stouffer, Chartered<br><br>**David J. Stein**<br>Pretzel & Stouffer, Chartered<br>One S. Wacker Dr, Ste 2500<br>Chicago, IL 60606<br>(312) 578-7845 | Counsel for ProCamera LLC (f/k/a) CalPhoto US, LLC<br><br>**Kevin G. Schneider**<br>Neal, Gerber & Eisenberg LLP<br>Two North LaSalle Street<br>Suite 1700<br>Chicago, IL 60602-3801<br>Phone: (312) 269-8000<br>Email: ecfdocket@ngelaw.com, mmirkovic@ngelaw.com |
| Counsel for Valley Fire Protection Systems, LLC<br>**Martin D. Tasch**<br>**Bradley M. Sayad**<br>Malecki, Tasch & Burns, LLC<br>903 Commerce Dr., Suite 160<br>Oak Brook, IL 60523<br>Phone: (630) 571-9000<br>Email: Sayadlawgroup@gmail.com | Counsel for Green Tree Capital Holdings, Inc.<br>**Harold Israel**<br>Goldstein & McClintock LLP<br>208 South LaSalle Street<br>Suite 1750<br>Chicago, IL 60604<br>Email: haroldi@restructuringshop.com |
| Counsel to Patricia De Leon<br>**Jonathan Lubin**<br>Law offices of Jonathan Lubin<br>203 N. LaSalle St., Suite 2100<br>Chicago, Il 60601<br>Phone: (773)954-2608<br>Email: jonathan@lubinlegal.com | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| CALUMET PHOTOGRAPHIC, INC., *et al.* | ) | Case No.  14-08893 |
| | ) | |
| | ) | Hon. Eugene R. Wedoff |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: December 10, 2014 at** |
| | ) | **9:30 a.m.** |

**FIRST INTERIM FEE APPLICATION OF
JENNER & BLOCK LLP, AS COUNSEL FOR THE TRUSTEE,
FOR PAYMENT OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED
FOR THE PERIOD FROM MARCH 12, 2014 THROUGH OCTOBER 31, 2014**

Jenner & Block LLP ("Jenner"), counsel to Catherine Steege, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of each of the debtors in the cases jointly administered in the above captioned case (the "Debtors"), hereby submits this first interim fee application for payment of interim compensation for services rendered and for reimbursement of expenses incurred for the period from March 12, 2014 through October 31, 2014 (the "First Interim Application") seeking (i) allowance and payment of $498,384.50 in fees, and (ii) reimbursement of $31,029.53, in expenses for the period from March 12, 2014 through October 31, 2014 (the "First Application Period"), pursuant to sections 327, 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").  In support of this First Interim Application, Jenner hereby states as follows:

## INTRODUCTION

1.      This Court has jurisdiction over the First Interim Application pursuant to 28 U.S.C. §1334.   This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(A) and (O). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 327, 330, and 331 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, and Local Rule 5082-1.

## BACKGROUND

3.      On March 12, 2014 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 7 of title 11 of the United States Code.   Thereafter, the United States Trustee for this region appointed Catherine Steege as Trustee.

4.      Prior to the Petition Date, the Debtors were engaged in business as a multi-channel specialty retailer of high-end photography and video equipment.   The business served professional and amateur photographers through, among other things, (a) fourteen brick-and-mortar retail stores throughout the United States, (b) an e-commerce website, and (c) customer-direct sales.   Debtor Calumet Photographic, Inc. was the only operating entity, and employed over 200 US-based personnel.

5.      On March 21, 2014, the Trustee filed an application seeking this Court's authority to retain Jenner as her counsel.   [Dkt. 17.]   On April 9, 2014, this Court entered an Order authorizing the Trustee's retention of Jenner effective as of March 12, 2014.   [Dkt. 66.]

6.      The Debtors' cases (the "Chapter 7 Cases") presented unique challenges from the outset, and the Trustee relied upon her counsel during the First Application Period to respond to a number of issues, many of which arose on an emergency basis.   The Debtors filed the Chapter 7 Cases on an emergency basis, with no notice to employees or customers.   As a consequence,

2

the Trustee was handed the keys to fourteen retail stores that had suddenly shut their doors and terminated their employees. The Trustee and her counsel moved quickly to secure the fourteen retail stores and to market the assets in an attempt to preserve value for the estate. With assistance from her counsel, she immediately took steps to safeguard the stores and the inventory and to retain the services of Hilco Merchant Resources, LLC, Hilco Real Estate, LLC and Hilco Receivables LLC as consultants (collectively "Hilco") to conduct store closing sales, market the leases, and collect accounts receivable.

7.    Because the nature of the Debtors' prepetition business included repairing and renting cameras and camera equipment, as well as developing and processing film and other forms of media, the Trustee's office was overwhelmed with a flood of inquiries and demands during the first few months of the Chapter 7 Cases. The Trustee's counsel utilized administrative assistants and other low cost or no cost options wherever possible to efficiently respond to the volume of calls and inquiries in an efficient and organized manner.

8.    The Trustee also moved quickly to identify potential purchasers for some or all of the Debtors' assets. As described in greater detail below, the Trustee, through her counsel, was able to conduct a competitive auction and sell a substantial portion of the Debtors' assets within two months of the Petition Date. The Trustee and her counsel are continuing to work to liquidate the remainder of the Debtors' estates, identify potential causes of action, resolve claims made against the estate, and otherwise administer the Chapter 7 Cases.

## **PAYMENT AND REIMBURSEMENT REQUESTED**

9.      Jenner submits this First Interim Application (a) for payment of compensation for actual, reasonable, and necessary professional services performed by it as counsel for the Trustee during the First Application Period, and (b) for reimbursement of actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Trustee during the First Application Period.

10.     During the First Application Period, Jenner rendered legal services to the Trustee having a value of $498,384.50  in fees, calculated at Jenner's usual and customary hourly rates as more specifically set forth herein.  In addition, Jenner made disbursements to pay expenses in the amount of $31,029.53 during the First Application Period.

11.     The fees sought by this First Interim Application reflect an aggregate of 797.7 hours of attorney and paraprofessional time spent and recorded in performing services for the Trustee during the First Application Period.  This fee request does not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtors' estates, which has already been eliminated by Jenner.

12.     During the First Application Period, Jenner's hourly billing rates for attorneys working on these matters ranged from $580.00 to $900.00 per hour, and hourly billing rates for paraprofessionals ranged from $200.00 to $325.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $624.78.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time

expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

13.    Attached hereto as <u>Exhibit A</u> is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services for the Trustee during the First Application Period, the capacities in which each such individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefore, the year in which each professional was first licensed to practice law and the year in which each professional graduated from law school.

14.    Attached hereto as <u>Exhibit B</u> is a summary arranged by project categories of the fees generated by the services performed during the First Application Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

15.    Jenner maintains computerized records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with the representation of the Trustee. Copies of these computerized records are attached hereto as <u>Exhibit C</u>.

16.    Attached hereto as <u>Exhibit D</u> is a schedule specifying the categories of expenses for which Jenner is seeking reimbursement and the total amount for each such expense category.

17.    Attached hereto as <u>Exhibit E</u> is a detailed list of all expenses for which Jenner seeks reimbursement; <u>Exhibit F</u> contains copies of receipts for expenses of $25 or more incurred during the First Application Period.

18.    All of the services for which interim compensation is sought were rendered to the Trustee solely in connection with her duties in connection with the Chapter 7 Cases, in

furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

19.     Jenner has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

20.     Jenner has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive.  No promises have been received by Jenner or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

21.     The Trustee has reviewed and approved Jenner's monthly fee statements prior to the filing of this First Interim Application.

22.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the First Application Period, but were not processed prior to the preparation of the First Interim Application, Jenner reserves the right to request additional compensation for such services and reimbursement of such expenses.

## **BASIS FOR PAYMENT**

23.     Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Trustee pursuant to chapter 7 of the Bankruptcy Code.  Jenner believes it is appropriate that it be compensated for the time spent and be reimbursed for the expenses incurred in connection with these matters.  All of the fees and expenses sought to be paid or reimbursed in this First Interim Application were actual, necessary, and reasonable, and benefitted the Debtors' estates and creditors.

24.     As set forth in Jenner's retention application, the Trustee retained Jenner as her counsel to provide the following professional services:

      a.     Giving the Trustee legal advice with respect to her powers and duties in this case;

      b.     Assisting the Trustee in her investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' business and any other matters relevant to the case;

      c.     Investigating the Debtors' transactions with third parties and pursuing litigation where appropriate;

      d.     Assisting the Trustee in liquidating the assets of the estates; and

      e.     Performing all other legal services as may be required.

25.     During the First Application Period, Jenner has performed a wide variety of tasks on the Trustee's behalf in connection with her administration of the Debtors' estates.  To provide an orderly summary of the services rendered to the Trustee by Jenner, Jenner has established numerous billing categories in connection with the services it is providing to the Trustee.  The following summary is intended to highlight the major areas in which Jenner rendered services during the First Application Period and is not intended to be a comprehensive detailed description of the work performed.  Detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category are attached as Exhibit C.

      (a)     **Case Administration (121.40 Hours; $57,320.00 in Fees)**

This category covers miscellaneous activities that are not covered by other more specific categories.  Included among the types of activities billed in this category are case administration tasks such as maintaining service lists and contact lists, the reviewing of the docket and claims register and the preparation of miscellaneous administrative motions and other pleadings.  In addition, this category includes some activities which are not easily separated into separate categories such as meetings with the Debtors' former principals and

their counsel,  reviewing the bankruptcy schedules and statement of financial affairs filed by the Debtors, engaging with the Debtors' various third-party vendors regarding the return and repair of equipment, reviewing and evaluating the Debtors' insurance policies, responding to various inquiries from the Debtors' former vendors, auditors, and other third parties regarding the Chapter 7 Cases, and working to achieve access to the Debtors' electronically stored data and review of the Debtors' accounting system.

This matter is ongoing.

(b)    **Objection to Claims (39.10 Hours; $24,619.00 in Fees)**

This category includes time spent responding to reclamation demands, negotiating with landlords and other parties regarding the withdrawal of proofs of claim, evaluating the claims filed, and researching, preparing, and filing a motion to dismiss an adversary proceeding brought, purportedly on behalf of a class of creditors, to assert claims against the estate for wages and  WARN Act claims.

This matter is ongoing.

(c)    **Sale of Assets (264.10 Hours; $174,795.50 in Fees)**

The time entries in this category pertain to time spent marketing and selling the Debtors' assets.

Immediately upon the commencement of the Chapter 7 Cases, the Trustee and Jenner began to review the Debtors' inventory and assets, reach out to potential purchasers of assets, and engage with Hilco regarding store closing sales.  During late March and April, the Trustee entered into negotiations with the Debtors' former principals over the terms of an asset purchase agreement.  In addition, Jenner engaged in numerous conferences and negotiations with potential bidders and Hilco, all in support of the

Trustee's efforts to realize as much value as possible from the sale of the Debtors' assets. Ultimately, the Trustee, after conferring with counsel, determined that the best outcome for the estate was to proceed with the sale of a substantial portion of the Debtors' assets to the insiders as a stalking horse bidder, and to direct Hilco to conduct store closing sales of the remaining inventory.

Jenner reviewed and provided extensive comments on a form of asset purchase agreement with the Debtors' insiders and prepared a sale motion seeking approval of the sale of the Debtors' assets to the highest and best bidder. Following the filing of the sale motion, Jenner engaged in discussions with the Debtors' landlords and other parties to resolve questions and objections to the sale motion. Shortly before the hearing on the sale motion, Jenner was contacted by an interested bidder, C&A Marketing Inc. ("C&A Marketing"), and entered into negotiations with C&A Marketing regarding a sale of the Debtors' assets. At the sale hearing, Jenner conducted a competitive auction between the Debtors' insiders and C&A Marketing, during which the purchase price for the assets subject to the asset purchase agreement was increased from $2,825,000.00 to $3,125,000.00 (the asset purchase agreement also provided for the assumption of certain liabilities). Thereafter, this Court approved the sale to Green Tree Capital Holdings, Inc. ("Green Tree"), an affiliate of C&A Marketing, and the Trustee, with the assistance of her counsel, closed the sale on April 30, 2014. The Trustee relied upon Jenner to handle a number of post-closing issues, including disputes between the Trustee and Green Tree regarding the terms of the asset purchase agreement, responding to a motion to compel filed by the Debtors, facilitating the return to the estate of certain computerized records and data, preparing a motion to compel Green Tree to comply with the terms of the sale order,

reviewing and negotiating various forms of assignment and other post-closing documents, and otherwise working to ensure that the estate received all of the bargained for benefits under the asset purchase agreement.

Contemporaneously with, and following the conclusion of, the sale to Green Tree, Jenner worked diligently with Hilco to conduct store closing sales of the inventory not purchased by Green Tree. Accordingly, time entries in this category also reflect Jenner's direction to and communications with Hilco, review of daily inventory sales reports, communications with potential bulk purchases of assets, and communications with landlords regarding the term and duration of the store closing sales.

Finally, time entries in this category pertain to the sale of certain inventory held at customs as of the Debtors' Petition Date. Jenner solicited offers from various potential purchasers, including Green Tree. Ultimately, the Trustee sold the customs inventory to Green Tree pursuant to an agreement that required Green Tree to satisfy all of the expenses and claims of the customs brokers.

This matter is ongoing.

(d)    **Secured Creditors (32.7 Hours; $21,864.00 in Fees)**

The Debtors' primary prepetition secured lender is RedRidge Finance Group, LLC ("RedRidge"). Time entries within this category relate to communications between Jenner and RedRidge's counsel regarding RedRidge's claim, as well as Jenner's analysis of the RedRidge loan documents, legal research regarding certain claims asserted by RedRidge, and the preparation of a letter to RedRidge outlining a proposed resolution of its secured claim. The Trustee and Jenner remain in negotiations with RedRidge.

Time entries in this category also pertain to Jenner's review of Uniform Commercial Code searches, review of a motion for adequate protection filed by the insurance financing company, and Jenner's analysis of the Debtors' prepetition loan documents.

This matter is ongoing.

(e)  **Communications with Creditors (52.7 Hours; $34,880.00 in Fees)**

Time entries in this category pertain to Jenner's communications with the Debtors' former customers, creditors, and former employees.

As a result of the emergency filing of the Chapter 7 Cases, there was a high degree of confusion and concern among the Debtors' former customers regarding purchase orders, warranty claims, customer property at the various stores and third party vendors for repair, film and other media that were brought to the stores for developing and processing, and numerous other issues. During the weeks immediately following the Petition Date, Jenner's office received hundreds of phone calls from confused, and sometimes quite disgruntled, customers. Jenner attorneys created a protocol for returning customer inquiry calls, established a dedicated e-mail address and telephone line to handle customer inquiries, established a database to maintain information, and wherever possible and appropriate, delegated tasks to administrative staff or paraprofessionals. As a result of these protocols, most of the customer property issues were resolved without the customer asserting a claim against the Debtors' estates. Jenner also responded to letters and complaints from various consumer protection organizations.

Time entries in this category also pertain to Jenner's communications with the Debtors' former vendors and creditors, and in particular, advising such vendors and creditors on the proof of claim process.

Finally, time entries in this category pertain to Jenner's communications with the Debtors' former employees regarding their claims, recovery of their property, and the status of the Chapter 7 Cases.

This matter is ongoing.

(f)      **Fee Petition (6.5 hours and $4,444.00 in Fees)**

The time entries in this category pertain to Jenner's preparation of its retention application, Jenner's preparation of the Trustee's application to retain an accountant to assist with necessary tax returns, and the preparation of this First Interim Application.

This matter is ongoing.

(g)      **Leases (127.8 Hours; $81,497.50 in Fees)**

As of the Petition Date, the Debtors leased property for their fourteen retail stores, as well as their office headquarters and distribution center.  The time entries in this category relate to Jenner's communications with the various landlords and their counsel over matters pertaining to rejection of leases, use of space during the store closing sales, assumption and assignment of leases as part of the sale to Green Tree, and assumption and assignment of leases to third parties.  In addition, Jenner attorneys spent time responding to stay relief motions filed by the certain of the landlords, as well as disputes that arose over the appropriate rejection dates.  Jenner has settled or otherwise resolved all of the outstanding issues with the Debtors' former landlords.  Accordingly, Jenner does not expect that substantial additional time will be billed to this matter.

(h)      **Termination of 401(k) Plan (153.4 Hours; $98,964.50 in Fees)**

Time entries in this categories pertain to Jenner's involvement in the termination of the Debtors' 401(k) plan.  At the direction of the Trustee, a Jenner employee benefits

partner reviewed the Debtors' 401(k) materials and coordinated with the 401(k) plan administrator to terminate the plan. Jenner also prepared correspondence to each of the plan participants regarding the plan termination and responded to numerous inquiries relating to its termination and distributions to participants. Time entries in this category also pertain to Jenner's preparation and presentment of the necessary motions to seek Court approval to terminate the plan and pay necessary plan termination expenses. Finally, the hours billed to this matter relate to Jenner's communications with auditors and governmental agencies regarding the 401(k) termination and audit of the plan.

This matter is ongoing.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

26.     The foregoing professional services rendered during the First Application Period were necessary and appropriate to assist the Trustee with the administration of her duties and were in the best interests of the Debtors. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

27.     In preparing this First Interim Application, Jenner calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Trustee. That data came directly from computer printouts that are kept on each Jenner client. Time entries are kept on daily logs or on computer hard drives. These entries were in turn used to produce the time records for this First Interim Application. Jenner attorneys have reviewed the computer printouts for errors.

28.    The rates charged by Jenner are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity, scope and national significance.

29.    Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id*. § 330(a)(3).

30.    In the instant case, Jenner respectfully submits that the services for which it seeks compensation in this First Interim Application were necessary for and beneficial to the Trustee's efforts in administrating the Debtors' estates, and necessary to and in the best interests of the

Debtors' estates. Jenner further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee.

31.     In sum, the services rendered by Jenner were necessary and beneficial to the Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the interim compensation sought herein for the First Application Period is warranted.

## NOTICE

32.     Jenner has served twenty-one days' noticed of this First Interim Application on all counsel of record via the Court's ECF service. Jenner has served twenty-one days' notice of the hearing on this First Interim Application in the form of Exhibit G hereto.

WHEREFORE, Jenner respectfully requests: (i) allowance of compensation for professional services rendered during the First Application Period in the amount of $498,384.50; (ii) allowance for actual and necessary expenses Jenner incurred during the First Application Period in the amount of $31,029.53; and (iii) authorization for the Trustee to pay such amounts to Jenner for the professional services rendered and expenses incurred during the First Application Period.

CATHERINE STEEGE, not individually but as chapter 7 Trustee for the bankruptcy estate of each of the above-captioned debtors,


By:_____ /s/ *Catherine Steege*_____
                    One of her Attorneys

Catherine Steege (6183529)
Melissa M. Root (6288246)
Landon S. Raiford (6297473)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
PH:     (312) 923-2952
FAX:   (312) 840-7352

Dated:  November 19, 2014