# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CALUMET PHOTOGRAPHIC, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 14-08893<br>(Jointly Administered)<br><br>Hon. Deborah L. Thorne<br>Hearing: |

## NOTICE OF MOTION

TO: ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that on Thursday, March 12, 2020, at 9:30 a.m., or as soon thereafter as counsel may be heard, we shall appear before the Honorable Deborah L. Thorne in Courtroom 613, in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, or before any other judge sitting in her place and stead, and present the following **Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtors' Estates Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief**, at which time and place you may appear if you so desire.

Dated: February 18, 2020

                                                CATHERINE L. STEEGE, not individually, but as the chapter 7 Trustee for the bankruptcy estate of each of the above-captioned debtors.

                                                By:    */s/ Catherine Steege*
                                                             Catherine L. Steege

Catherine L. Steege (6183529)
Landon S. Raiford (6297473)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
(312) 222-9350
(312) 527-0484

*Counsel for the Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I, Catherine L. Steege, an attorney, certify that on February 18, 2020 I caused a copy of the foregoing **Notice of Motion** and **Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtors' Estates Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief** to be served upon all counsel of record via the Court's CM/ECF system.

*/s/ Catherine Steege*
Catherine L. Steege

## SERVICE LIST
(14-08893)

## VIA ECF NOTIFICATION:

- Howard L. Adelman    hla@ag-ltd.com, dbaird@ag-ltd.com
- R Scott Alsterda    rsalsterda@nixonpeabody.com
- Andrew D Arons    arons@wbs-law.com, wisneski@wbs-law.com; rudnic@wbs-law.com;mosquera@wbs-law.com;strubbe@wbs-law.com
- Nicholas Ballen    nballen@jenner.com, thooker@jenner.com
- Elizabeth A. Bates    ebates@springerbrown.com, iprice@springerbrown.com
- Mark A Berkoff    mberkoff@nge.com, cdennis@nge.com,ecfdocket@nge.com,mmirkovic@nge.com
- David M Blau    dblau@clarkhill.com
- Alexander F Brougham    abrougham@ag-ltd.com, dbaird@ag-ltd.com
- Francis X Buckley    fxbuckleyjr@thompsoncoburn.com, aversis@thompsoncoburn.com
- Christopher M Cahill    ccahill@lowis-gellen.com, abockman@lowis-gellen.com
- David Cleary    clearyd@gtlaw.com, GreenbergC@gtlaw.com;chilitdock@gtlaw.com
- William J Connelly    wconnelly@hinshawlaw.com, ihernandez@hinshawlaw.com
- Michael K Desmond    mdesmond@fslegal.com, kokeefe@fslegal.com
- Nicholas R Dwayne    ndwayne@ag-ltd.com, tslack@ag-ltd.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com; wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com
- Marc Ira Fenton    mfenton@lplegal.com, skiolbasa@lplegal.com;ikropiewnicka@lplegal.com
- Robert M Fishman    rfishman@foxrothschild.com, kjanecki@foxrothschild.com
- Richard M. Fogel    rfogel@foxrothschild.com
- Richard M. Fogel    rfogel@shawfishman.com
- John David Folds    dfolds@bakerdonelson.com, sparson@bakerdonelson.com
- Joseph D Frank    jfrank@fgllp.com, jkleinman@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com;csmith@fgllp.com
- Louis J Gale    gale@wbs-law.com, mosquera@wbs-law.com; KMorrissey@lewis-kappes.com)
- Zachary J Garrett    zachary.garrett@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- John W Guzzardo    jguzzardo@hmblaw.com, ecfnotices@hmblaw.com
- Reed A Heiligman    reed@hzhlaw.com, info@hzhlaw.com
- Roger J. Higgins    rhiggins@rogerhigginslaw.com
- Mark H Ishu    ishu.mark.h@dol.gov
- Harold D. Israel    hisrael@lplegal.com, ikropiewnicka@lplegal.com; bdroca@lplegal.com;jburns@lplegal.com;tmassat@lplegal.com
- Brian J Jackiw    brianj@goldmclaw.com
- Martin S Kedziora    kedzioram@gtlaw.com, hernandezden@gtlaw.com; CHILitDock@GTLAW.com;doranb@gtlaw.com
- Kenneth E Kraus    ken@krausflaming.com

- Patrick S Layng   USTPRegion11.ES.ECF@usdoj.gov
- Caren A Lederer   calederer@gct.law, mperez@gct.law, stasciotti@gct.law,tstephenson@gct.law,aleon@gct.law
- David P Leibowitz   dleibowitz@lakelaw.com, jstorer@lakelaw.com; storerjr58596@notify.bestcase.com;ecf@lodpl.com
- Sara E Lorber   slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com; nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com
- Jonathan Lubin   jonathan@lubinlegal.com
- Robert Lynch   robert.lynch2@illinois.gov, boblynchecf@gmail.com
- Nicholas M Miller   nmiller@nge.com, ecfdocket@nge.com; cdennis@nge.com; mmirkovic@nge.com
- Brendan J. Nelligan   bnelligan@pretzel-stouffer.com, tcook@pretzel-stouffer.com
- Matthew A Olins   molins@gouldratner.com
- Kenneth J Ottaviano   kenneth.ottaviano@kmzr.com
- Nancy A Peterman   petermann@gtlaw.com, chilitdock@gtlaw.com; greenbergc@gtlaw.com
- Landon S Raiford   lraiford@jenner.com, mmatlock@jenner.com;JSteffen@jenner.com
- Jonathan N Rogers   jonathan.rogers@thehartford.com
- Jonathan N Rogers   jonrogersesqil@gmail.com
- Melissa M. Root   mroot@jenner.com
- Rebecca D. Rosenthal   rosenthalr@gtlaw.com
- Douglas B Rosner   drosner@goulstonstorrs.com
- Rebecca M Rothmann   rebecca.rothmann@wilsonelser.com
- Nathan Q. Rugg   Nathan.Rugg@bfkn.com, jean.montgomery@bfkn.com
- Bradley M Sayad   sayadlawgroup@gmail.com
- Amy Schmidt   amy.schmidt@coface.com
- Scott N. Schreiber   sschreiber@clarkhill.com, blambert@clarkhill.com
- Peter A Siddiqui   peter.siddiqui@katten.com
- Catherine L Steege   csteege@jenner.com, docketing@jenner.com
- Catherine L. Steege   csteege@jenner.com, csteege@ecf.axosfs.com
- Gregory K Stern   greg@gregstern.com, steve_horvath@ilnb.uscourts.gov
- Matthew Stone   , ebrandes@windycitylawgroup.com,ben@windycitylawgroup.com
- Martin D. Tasch   mtasch@momkus.com, cbednarski@momkus.com
- Charles Tatelbaum   cmt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com
- Brian P Welch   bwelch@burkelaw.com, gbalderas@burkelaw.com
- David K Welch   dwelch@burkelaw.com, gbalderas@burkelaw.com; bwelch@burkelaw.com; welchdr67393@notify.bestcase.com
- Sean P. Williams   sean.williams@saul.com
- Barbara L Yong   blyong@gct.law, mperez@gct.law, myproductionss@gmail.com, tstephenson@gct.law,aleon@gct.law;r61390@notify.bestcase.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>CALUMET PHOTOGRAPHIC, INC., *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 14-08893<br>(Jointly Administered)<br><br>Hon. Deborah L. Thorne<br>Hearing: |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTORS' ESTATES FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF

Catherine L. Steege, not individually, but as chapter 7 trustee (the "**Trustee**") for the bankruptcy estates of the captioned debtors (collectively, the "**Debtors**"), requesting the entry of an order approving the sale of certain assets of the Debtors' estates to Oak Point Partners, LLC ("**Oak Point**") free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief (the "**Motion**"). In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of title 11 of the United States Code ("**Bankruptcy Code**"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").

## Background

3. On March 12, 2014 ("**Petition Date**"), the Debtor and certain of its affiliates filed bankruptcy petitions under chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois (the "**Bankruptcy Court**").

4. Since being appointed, the Trustee has administered the Debtors' estates for the benefit of their creditors in accordance with her power and duties. The Trustee is now in the process of winding down the administration of this jointly administered case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the estates' remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

5. The Trustee has determined that there might exist property of the Debtors' estates, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, the "**Remnant Assets**"). Potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

6. The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets, and certainly none that could return value to the estates greater than the Purchase Price. Accordingly, the Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the estates would possibly receive on account of the Remnant Assets.

7. Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-

2

discovered assets. Such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

8. The Trustee and Oak Point have negotiated an agreement (the "**Purchase Agreement**") for the sale of the Remnant Assets, substantially in the form attached hereto as **Exhibit A**.

### Requested Relief

9. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

10. The Purchase Agreement generally provides for an aggregate purchase price of $8,000 (the "**Purchase Price**") to be paid by Oak Point to the Trustee for the benefit of the Debtors' estates.

11. In accordance with the Purchase Agreement, the Remnant Assets do not include (a) cash held at the time of the Purchase Agreement in the Trustee's fiduciary bank account for the Debtors' cases; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtors' cases shall be Remnant Assets; (b) any and all Goods[1] (e.g., office furniture) of the Debtors; (c) the Purchase Price; and (d) any proceeds of any of the foregoing items.

12. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

3

Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the estates would possibly receive.

### Bidding Procedures

13. Contemporaneously herewith, the Trustee has filed the *Notice of Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtors' Estates Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief* (the "**Notice**"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "**Response Deadline**").

14. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, a "**Competing Bidder**") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, "**Bidding Procedures**"):

   a. each Competing Bidder who wants to participate in the overbid process must notify the Trustee of their intention to do so in accordance with the Notice on or before the Response Deadline;

   b. the first overbid for the Remnant Assets by a Competing Bidder must be at least $2,000 more than the Purchase Price, or a total of $10,000;

   c. each Competing Bidder must submit a cashier's check to the Trustee in the amount of such Competing Bidder's first overbid at the time such overbid is made;

   d. each subsequent overbid for the Remnant Assets must be in additional increments of $1,000;

   e. each Competing Bidder must agree to purchase the Remnant Assets under the same terms and conditions set forth in the Purchase Agreement, other than the purchase price; and

4

 f. in the event of an overbid that meets the foregoing conditions, the Trustee will schedule an auction for the Remnant Assets in advance of the hearing date and will request that the Court approve the winning bidder at the auction as the purchaser at the hearing on the Motion.

15. The Trustee believes that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtors' estates and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the estates. Accordingly, the sale of the Remnant Assets should be approved as requested.

### Authority for Requested Relief

16. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

17. Sales outside the ordinary course of business pursuant to § 363(b) are proper upon notice and a hearing where the trustee has a sound business reason for the proposed sale. *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991); *In re Efoora, Inc.*, 472 B.R. 481, 488-92 (Bankr. N.D. Ill. 2012). Under this standard, the "trustee has considerable discretion when it comes to the sale of estate assets, and that discretion is entitled to 'great judicial deference' as long as a sound business reason is given." *Efoora*, 472 B.R. at 488.

18. The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase Agreement represents a prudent and proper exercise of her business judgment under the circumstances, and is in the best interests of creditors of the Debtors' estates. Specifically, the Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Indeed, the Trustee is not aware

of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the Debtors' estates would not realize any benefit on account of the Remnant Assets. Therefore, the Trustee respectfully requests that the Court approve the sale of the Remnant Assets to Oak Point.

19. Moreover, based on the foregoing, Oak Point should be deemed a good faith purchaser. While the Bankruptcy Code does not define "good faith", the Seventh Circuit has held that "good faith" is present unless a party can show "fraud, collusion between the purchase and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." *In re Vetter Corp.*, 724 F.2d 52, 56 (7th Cir. 1983).

20. Additionally, section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

   a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

   b. Such entity consents;

   c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

   d. Such interest is in bona fide dispute; or

   e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to section 363(b), it is only necessary to meet one of the five conditions of section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

21. Finally, the Trustee's proposed Bidding Procedures are appropriate and should be approved by the Court. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g., In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee. Moreover, a nominal overbid will not justify the expense of an auction.

### Waiver of Stay of Order

22. To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

### Notice

23. Notice of this Motion has been given to the Debtors, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

[remainder of page intentionally left blank]

WHEREFORE, the Trustee respectfully requests entry of an order: (i) authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement; (ii) waiving the fourteen-day stay under Bankruptcy Rule 6004(h); and (iii) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: February 18, 2020

CATHERINE L. STEEGE, not individually, but as the chapter 7 Trustee for the bankruptcy estate of each of the above-captioned debtors.

By: ___/s/ Catherine Steege___
Catherine L. Steege

Catherine L. Steege (6183529)
Landon S. Raiford (6297473)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
(312) 222-9350
(312) 527-0484
*Counsel for the Chapter 7 Trustee*

8

# EXHIBIT A

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of February 18, 2020, is by and between **CATHERINE L. STEEGE, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of CALUMET PHOTOGRAPHIC, INC., ET AL.** (collectively, "Debtors"),[1] **BANKRUPTCY ESTATES** (collectively, "Estates"), and **OAK POINT PARTNERS, LLC** ("Purchaser," together with the Seller, the "Parties").

## WITNESSETH:

**WHEREAS**, on or about March 12, 2014, the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois ("Court"), jointly administered under Case No. 14-08893; and

**WHEREAS**, on or about March 12, 2014, the Trustee was appointed as chapter 7 trustee of the Debtors' Estates; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estates remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Eight Thousand and No/100 Dollars ($8,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Excluded Assets.** The Remnant Assets specifically **exclude** the following assets (collectively, the "Excluded Assets"): (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtors' cases; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtors' cases shall be Remnant Assets; (b) any and all Goods[2] (e.g., office furniture) of the Debtors; (c) the Purchase Price (as defined in paragraph 1) to be delivered pursuant hereto; and (d) any proceeds of items (a) through (c) herein; and

3. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets. For the avoidance of doubt, Seller is not selling, assigning, transferring, or conveying to Purchaser any interest in the Excluded Assets.

4. **Conditions Precedent.** This Agreement and the promises and covenants contained herein shall not be

---

[1] The Debtors are as follows: Calumet Photographic, Inc.; Calumet International Inc.; Calumet Logistics, LLC; CalumetPhoto.Com, LLC; Fidelity Manufacturing Co.; and Zone VI Studios, Inc.

[2] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

1

effective until the later of:

    a. The delivery by each Party of an executed copy of this Agreement to the other Party; and

    b. The entry of a non-appealable order by the Court approving this Agreement.

5. **Authority to Sell.** Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

6. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

7. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement, subject to the Court's approval.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

8. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

9. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

10. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

11. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

12. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

13. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

14. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Illinois, without giving effect to choice of law principles of the State of Illinois. Any disputes relating to or arising out of this Agreement shall be adjudicated by the Court.

15. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, LLC**

By: _____
Name:  ERIC LINN
Its:  President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077
Tel (847) 577-1269     Fax (847) 655-2746


**CATHERINE L. STEEGE, not individually, but solely as chapter 7 trustee for the bankruptcy estates of Calumet Photographic, Inc.,** *et al.*

By: _____
Name:  Catherine L. Steege

Address: c/o Jenner & Block LLP, 353 N. Clark St., Chicago, IL 60654-3456
Tel (312) 222-9350

3