**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CALUMET PHOTOGRAPHIC, INC., *et al.* | ) | Case No. 14-08893 |
| | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

**NOTICE OF FOURTH INTERIM AND FINAL APPLICATION OF
JENNER & BLOCK LLP, AS COUNSEL FOR THE TRUSTEE,
FOR APPROVAL OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES**

TO:   SEE ATTACHED SERVICE LIST

PLEASE TAKE NOTICE that on Thursday, April 15, 2021, at 9:30 a.m., I will appear before the Honorable Deborah L. Thorne or any judge sitting in that judge's place, and present the Fourth Interim and Final Application of Jenner & Block LLP, As Counsel for The Trustee, For Approval of Compensation For Service Rendered and For Reimbursement of Expenses, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The **meeting** ID for this hearing is 160 9362 1728 and no password is required. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                                    CATHERINE STEEGE, not individually but as chapter 7 Trustee for the bankruptcy estate of Calumet Photogrpahic, Inc., *et al.*

                                    BY:        /s/ Catherine Steege
                                                   *Catherine Steege*

Catherine Steege (6183529)
Melissa M. Root (6288246)
Landon S. Raiford (6297473)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456

Dated: March 11, 2021

## **CERTIFICATE OF SERVICE**

I, Catherine Steege certify that, on March 11, 2021, I caused a copy of the foregoing **Notice of Application** and **Fourth Interim And Final Application of Jenner & Block LLP, As Counsel For The Trustee, For Approval of Compensation For Services Rendered And For Reimbursement Of Expenses** to be served upon the attached Service List by the Court's ECF electronic mail service. In addition, notice of this Application was given to all creditors in the Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (NFR).

*/s/ Catherine Steege*
Catherine Steege

## SERVICE LIST
(14-08893)

<u>VIA ECF NOTIFICATION</u>:

- Howard L. Adelman    hla@ag-ltd.com, dbaird@ag-ltd.com
- R Scott Alsterda    rsalsterda@nixonpeabody.com
- Andrew D Arons    arons@wbs-law.com, wisneski@wbs-law.com;rudnic@wbs-law.com;mosquera@wbs-law.com;strubbe@wbs-law.com
- Nicholas Ballen    nballen@jenner.com, thooker@jenner.com
- Elizabeth A. Bates    ebates@springerbrown.com, iprice@springerbrown.com
- Mark A Berkoff    mberkoff@nge.com, cdennis@nge.com,ecfdocket@nge.com,mmirkovic@nge.com
- David M Blau    dblau@clarkhill.com
- Alexander F Brougham    abrougham@ag-ltd.com, dbaird@ag-ltd.com
- Francis X Buckley    fxbuckleyjr@thompsoncoburn.com, aversis@thompsoncoburn.com
- Christopher M Cahill    ccahill@lowis-gellen.com, abockman@lowis-gellen.com
- David Cleary    clearyd@gtlaw.com, GreenbergC@gtlaw.com;chilitdock@gtlaw.com
- William J Connelly    wconnelly@hinshawlaw.com, ihernandez@hinshawlaw.com
- Michael K Desmond    mdesmond@fslegal.com, kokeefe@fslegal.com
- Nicholas R Dwayne    ndwayne@ag-ltd.com, tslack@ag-ltd.com
- William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com;wfactormyecfmail@gmail.com;factorwr43923@notify.bestcase.com
- Marc Ira Fenton    mfenton@lplegal.com, skiolbasa@lplegal.com;ikropiewnicka@lplegal.com
- Robert M Fishman    rfishman@foxrothschild.com, kjanecki@foxrothschild.com
- Richard M. Fogel    rfogel@foxrothschild.com
- Richard M. Fogel    rfogel@shawfishman.com
- John David Folds    dfolds@bakerdonelson.com, sparson@bakerdonelson.com
- Joseph D Frank    jfrank@fgllp.com, jkleinman@fgllp.com;mmatlock@fgllp.com;csucic@fgllp.com;csmith@fgllp.com
- Louis J Gale    gale@wbs-law.com, mosquera@wbs-law.com;KMorrissey@lewis-kappes.com)
- Zachary J Garrett    zachary.garrett@goldbergkohn.com, kristina.bunker@goldbergkohn.com
- John W Guzzardo    jguzzardo@hmblaw.com, ecfnotices@hmblaw.com
- Reed A Heiligman    reed@hzhlaw.com, info@hzhlaw.com
- Roger J. Higgins    rhiggins@rogerhigginslaw.com
- Mark H Ishu    ishu.mark.h@dol.gov
- Harold D. Israel    hisrael@lplegal.com, ikropiewnicka@lplegal.com;bdroca@lplegal.com;jburns@lplegal.com;tmassat@lplegal.com
- Brian J Jackiw    brianj@goldmclaw.com
- Martin S Kedziora    kedzioram@gtlaw.com, hernandezden@gtlaw.com;CHILitDock@GTLAW.com;doranb@gtlaw.com

- Kenneth E Kraus    ken@krausflaming.com
- Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
- Caren A Lederer    calederer@gct.law, mperez@gct.law,stasciotti@gct.law,tstephenson@gct.law,aleon@gct.law
- David P Leibowitz    dleibowitz@lakelaw.com, jstorer@lakelaw.com;storerjr58596@notify.bestcase.com;ecf@lodpl.com
- Sara E Lorber    slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com
- Jonathan Lubin    jonathan@lubinlegal.com
- Robert Lynch    robert.lynch2@illinois.gov, boblynchecf@gmail.com
- Nicholas M Miller    nmiller@nge.com, ecfdocket@nge.com;cdennis@nge.com;mmirkovic@nge.com
- Brendan J. Nelligan    bnelligan@pretzel-stouffer.com, tcook@pretzel-stouffer.com
- Matthew A Olins    molins@gouldratner.com
- Kenneth J Ottaviano    kenneth.ottaviano@kmzr.com
- Nancy A Peterman    petermann@gtlaw.com, chilitdock@gtlaw.com;greenbergc@gtlaw.com
- Landon S Raiford    lraiford@jenner.com, mmatlock@jenner.com;JSteffen@jenner.com
- Jonathan N Rogers    jonathan.rogers@thehartford.com
- Jonathan N Rogers    jonrogersesqil@gmail.com
- Melissa M. Root    mroot@jenner.com
- Rebecca D. Rosenthal    rosenthalr@gtlaw.com
- Douglas B Rosner    drosner@goulstonstorrs.com
- Rebecca M Rothmann    rebecca.rothmann@wilsonelser.com
- Nathan Q. Rugg    Nathan.Rugg@bfkn.com, jean.montgomery@bfkn.com
- Bradley M Sayad    sayadlawgroup@gmail.com
- Amy Schmidt    amy.schmidt@coface.com
- Scott N. Schreiber    sschreiber@clarkhill.com, blambert@clarkhill.com
- Peter A Siddiqui    peter.siddiqui@katten.com
- Catherine L Steege    csteege@jenner.com, docketing@jenner.com
- Catherine L. Steege    csteege@jenner.com, csteege@ecf.axosfs.com
- Gregory K Stern    greg@gregstern.com, steve_horvath@ilnb.uscourts.gov
- Matthew Stone    , ebrandes@windycitylawgroup.com,ben@windycitylawgroup.com
- Martin D. Tasch    mtasch@momkus.com, cbednarski@momkus.com
- Charles Tatelbaum    cmt@trippscott.com, hbb@trippscott.com;eservice@trippscott.com
- Brian P Welch    bwelch@burkelaw.com, gbalderas@burkelaw.com
- David K Welch    dwelch@burkelaw.com, gbalderas@burkelaw.com;bwelch@burkelaw.com;welchdr67393@notify.bestcase.com
- Sean P. Williams    sean.williams@saul.com
- Barbara L Yong    blyong@gct.law, mperez@gct.law,myproductionss@gmail.com,tstephenson@gct.law,aleon@gct.law;r61390@notify.bestcase.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CALUMET PHOTOGRAPHIC, INC., *et al.* | ) | Case No. 14-08893 |
| | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| | ) | |

**FOURTH INTERIM AND FINAL APPLICATION OF
JENNER & BLOCK LLP, AS COUNSEL FOR THE TRUSTEE,
FOR APPROVAL OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES**

Jenner & Block LLP ("Jenner"), counsel to Catherine Steege, the chapter 7 trustee (the "Trustee") for the bankruptcy estates of each of the debtors in the cases jointly administered in the above captioned case (the "Debtors"), hereby submits this fourth interim and final fee application for payment of interim compensation for services rendered and for reimbursement of expenses incurred for the period from October 31, 2019 to the present and final approval of all fees previously allowed in this case (the "Final Application") seeking (i) allowance and payment of $64,887.50 in fees, and (ii) reimbursement of $2,882.44 in expenses for the period from October 31, 2018 through the present (the "Fourth Application Period"), and final approval of all fees and expenses previously allowed to Jenner pursuant to sections 327 and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules"). In support of this Final Application, Jenner hereby states as follows:

## INTRODUCTION

1.  This Court has jurisdiction over the Final Application pursuant to 28 U.S.C. §1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(A) and (O) and to the extent that this not a matter in which the Court may enter a final Order, Jenner consents to this Court entering a final order regarding the Final Application. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.  The statutory predicates for the relief requested herein are sections 327 and 330, of the Bankruptcy Code, as supplemented by Bankruptcy Rule 2016, and Local Rule 5082-1.

## BACKGROUND

3.  On March 12, 2014 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 7 of title 11 of the United States Code. Thereafter, the United States Trustee for this region appointed Catherine Steege as Trustee.

4.  Prior to the Petition Date, the Debtors were engaged in business as a multi-channel specialty retailer of high-end photography and video equipment. The business served professional and amateur photographers through, among other things, (a) fourteen brick-and-mortar retail stores throughout the United States, (b) an e-commerce website, and (c) customer-direct sales. Debtor Calumet Photographic, Inc. was the only operating entity, and employed over 200 US-based personnel.

5.  On March 21, 2014, the Trustee filed an application seeking this Court's authority to retain Jenner as her counsel. [Dkt. 17.] On April 9, 2014, this Court entered an Order authorizing the Trustee's retention of Jenner effective as of March 12, 2014. [Dkt. 66.]

6.  On December 16, 2014, this Court entered an Order Granting the First Interim Fee Application of Jenner & Block LLP, as Counsel for the Trustee. [Dkt. 273.] That Order approved

$483,561.75 in fees and $28,080.23 in expenses for the period from March 12, 2014 through October 31, 2014.

7.     On August 31, 2017, the Court entered an Order Granting the Second Interim Fee Application of Jenner & Block LLP, as Counsel for the Trustee. [Dkt. 472]. That Order approved $715,555.00 in fees and $23,814.00 in expenses for the period from November 1, 2014 through July 31, 2017.

8.     On December 11, 2018, the Court entered an Order Granting the Third Interim Fee Application of Jenner & Block LLP, as Counsel for the Trustee. [Dkt.503]. That Order approved $83,264.00 in fees and $2,760.35 in expenses for the period from August 1, 2017 through October 31, 2018.

**PAYMENT AND REIMBURSEMENT REQUESTED FOR SERVICE PERFORMED**

9.     Jenner submits this Final Application (a) for payment of compensation for actual, reasonable, and necessary professional services performed by it as counsel for the Trustee during the Fourth Application Period, and (b) for reimbursement of actual, reasonable, and necessary disbursements made to pay expenses incurred in representing the Trustee during the Fourth Application Period.

10.     During the Fourth Application Period, Jenner rendered legal services to the Trustee having a value of $64,887.50 in fees, calculated at Jenner's usual and customary hourly rates as more specifically set forth herein. In addition, Jenner made disbursements to pay expenses in the amount of $2,882.44 during the Fourth Application Period.

11.     The fees sought for work performed during the Fourth Application Period reflect an aggregate of 105.60 hours of attorney and paraprofessional time spent and recorded in performing services for the Trustee during the Fourth Application Period. This fee request does

3

not include time that might be construed as duplicative or otherwise not beneficial to the Trustee or the Debtors' estates, which has already been eliminated by Jenner.

12. During the Fourth Application Period, Jenner's hourly billing rates for attorneys working on these matters ranged from $475.00 to $1,225.00 per hour, and the hourly billing rate for the paraprofessional working on the case was $395.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $614.46. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

13. Attached hereto as <u>Exhibit A</u> is a schedule setting forth all Jenner professionals and paraprofessionals who have performed services for the Trustee during the Fourth Application Period, the capacities in which each such individual is employed by Jenner, the hourly billing rate charged for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefore, the year in which each professional was licensed to practice law and the year in which each professional graduated from law school.

14. Attached hereto as <u>Exhibit B</u> is a summary arranged by project categories of the fees generated by the services performed during the Fourth Application Period and, for each separate project category, a list of each person providing services on the project, a statement of the number of hours spent and the amount of compensation requested for each person on the project.

4

15. Jenner maintains computerized records of the time spent by all attorneys and paraprofessionals and the expenses incurred in connection with the representation of the Trustee. Copies of these computerized records are attached hereto as Exhibit C.

16. Attached hereto as Exhibit D is a schedule specifying the categories of expenses for which Jenner is seeking reimbursement and the total amount for each such expense category.

17. Attached hereto as Exhibit E is a detailed list of all expenses for which Jenner seeks reimbursement; Exhibit F contains copies of receipts for expenses of $25 or more incurred during the Fourth Application Period.

18. All of the services for which interim compensation is sought were rendered to the Trustee solely in connection with her duties in connection with the Chapter 7 Cases, in furtherance of the duties and functions of the Trustee and not on behalf of any individual creditor or other person.

19. Jenner has not entered into any agreement, express or implied, with any other party for the purpose of fixing or sharing fees or other compensation to be paid for professional services rendered in this case.

20. Jenner has not shared, or agreed to share, (a) any compensation it has received or may receive with another party or person, other than with the members, counsel and associates of the firm, or (b) any compensation another person or party has received or may receive. No promises have been received by Jenner or any member thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

21. The Trustee has reviewed and approved Jenner's monthly fee statements prior to the filing of this Final Application.

5

22. To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Fourth Application Period, but were not processed prior to the preparation of the Fourth Interim Application, Jenner reserves the right to request additional compensation for such services and reimbursement of such expenses.

## BASIS FOR PAYMENT

23. Professional services and expenses for which compensation and reimbursement are sought were rendered and expended on behalf of the Trustee pursuant to chapter 7 of the Bankruptcy Code. Jenner believes it is appropriate that it be compensated for the time spent and be reimbursed for the expenses incurred in connection with these matters. All of the fees and expenses sought to be paid or reimbursed in this Fourth Interim Application were actual, necessary, and reasonable, and benefitted the Debtors' estates and creditors.

24. As set forth in Jenner's retention application, the Trustee retained Jenner as her counsel to provide the following professional services:

   a. Giving the Trustee legal advice with respect to her powers and duties in this case;

   b. Assisting the Trustee in her investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors, the operation of the Debtors' business and any other matters relevant to the case;

   c. Investigating the Debtors' transactions with third parties and pursuing litigation where appropriate;

   d. Assisting the Trustee in liquidating the assets of the estates; and

   e. Performing all other legal services as may be required.

25. During the Fourth Application Period, Jenner has performed a wide variety of tasks on the Trustee's behalf in connection with her administration of the Debtors' estates. To provide an orderly summary of the services rendered to the Trustee by Jenner, Jenner has established numerous billing categories in connection with the services it is providing to the Trustee. The following summary is intended to highlight the major areas in which Jenner rendered services

6

during the Fourth Application Period and is not intended to be a comprehensive detailed description of the work performed. Detailed descriptions of the day-to-day services provided and the time expended performing such services in each project billing category are attached as Exhibit C.

    (a)    **Case Administration (1.5 Hours; $1,537.50 in Fees)**

This category covers miscellaneous activities that are not covered by other more specific categories. Specifically during the Fourth Application Period, Jenner attorneys communicated with former employees regarding the case status and addressed a stay violation by the State of California. The State of California issues a notice of seizure to the Trustee's bank purporting to direct the bank to attach the estate's funds to repay a pre-petition claim of the State of California. Upon receipt of the Trustee's letter and a phone call, the seizure notice was withdrawn.

In the three prior interim fee applications, Jenner attorneys and paraprofessionals spent 186.70 hours and incurred $83,615.70 in fees on matters falling under the case administration category. The time spent included the preparation and prosecution of miscellaneous administrative motions and other pleadings and addressing matters that did not easily fall within a separate category.

    (b)    **Objection to Claims (76.30 Hours; $48,828.50 in Fees)**

This category includes time spent preparing objections to various claims filed against the Debtors' estates. Specifically, a significant portion of the time spent in this category relate to preparing objections to various priority employees, customer and tax claims, property held by the Debtors as of the commencement of the case. In the three prior interim fee applications, Jenner attorneys and paraprofessionals spent 422.2 hours and incurred

7

$252,209.50 in fees on matters falling under the claims objection category. In addition to objecting to claims, Jenner resolved reclamation demands, negotiated with landlords and other parties regarding the withdrawals of proofs of claim and the amount of post-petition rent and rejection claims, and researched, prepared, and prosecuted a motion to dismiss an adversary proceeding brought on behalf of a class of creditors to assert claims against the estate for wages and WARN Act claims.

    (c)    **Sale of Assets (2.80 Hours; $1,883.00 in Fees)**

The time entries in this category relate to a sale of the Debtor's remnant assets. That sale resulted in an overbid and increased the price from $8,000 to $30,000. In the three prior interim fee applications, Jenner attorneys and paraprofessionals spent 290 hours and incurred $188,519 in fees on matters related to the sale of estate assets. In total, all of the estate sales resulted in the estate realizing $9,276,238.94 for the Debtor's inventory, equipment and fixtures, remnant accounts receivable, leases, and remnant assets.

In summary, the work that Jenner performed included negotiating an agreement with Hilco to run going-out-business sales at certain of the Debtor's locations, to collect the Debtor's receivables, and to offer certain of the Debtor's leases for sale. Jenner also negotiated an agreement to sell certain of the stores to the Debtors' former principals and prosecuted the §363 sale motion, which resulted in an overbid that increased the sale price from $2,825,000.00 to $3,125,000.00 plus the assumption of certain liabilities. The Trustee also relied upon Jenner to handle a number of post-closing issues, including disputes between the Trustee and the successful bidder regarding the terms of the asset purchase agreement, responding to a motion to compel filed by the Debtors, facilitating the return to the estate of certain computerized records and data, preparing a motion to compel the buyer to comply

with the terms of the sale order, reviewing and negotiating various forms of assignment and other post-closing documents, and otherwise working to ensure that the estate received all of the bargained-for benefits under the asset purchase agreement. The time entries in this category also pertain to the sale of certain inventory held at customs as of the Debtors' Petition Date. Jenner solicited offers from various potential purchasers and was able to eliminate substantial liabilities of the estate as a result of the sale. Finally, once Hilco completed its accounts receivable collection work, Jenner documented a sale of the Debtor's remaining receivables and obtained court approval for that sale and also documented a sale of the estate remnant assets.

(d)    **Fee Petition (22.60 Hours; $10,578.50 in Fees)**

The time entries in this category pertain to Jenner's preparation of its Third Interim Application and its Final Application. In addition Jenner has assisted in the preparation of fee applications for an expert witness that was hired to provide opinions for one of the preference lawsuits and for other professionals. In the three prior interim fee applications, Jenner attorneys and paraprofessionals spent 76.3 hours and incurred $34,762.30 in fees on matters related to preparing its own fee applications and those of other professionals.

(e)    **Preference Demands (2.40 Hours; $2,060.00 in Fees)**

Jenner attorneys spent $2,060 in fees collecting the final payments due from one preference defendant and arranging for the dismissal of the complaint against that defendant once payment was received. Previously Jenner incurred 1,096.10 hours of time at a cost of $420,735.50 on preference issues. In total the Trustee recovered $1,151,665.54 in preference repayments.

9

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

26. The foregoing professional services rendered during the Fourth Application Period were necessary and appropriate to assist the Trustee with the administration of her duties and were in the best interests of the Debtors. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. Jenner has taken significant efforts to ensure that the professional services were performed with expedience and in an efficient manner and without duplication of effort.

27. In preparing this Fourth Interim Application, Jenner calculated the amount of time spent by each attorney and paralegal in performing actual and necessary legal services for the Trustee. That data came directly from computer printouts that are kept on each Jenner client. Time entries are kept on daily logs or on computer hard drives. These entries were in turn used to produce the time records for this Fourth Interim Application. Jenner attorneys have reviewed the computer printouts for errors.

28. The rates charged by Jenner are consistent with reasonable and customary hourly rates charged by other attorneys throughout the country in matters of similar complexity, scope and national significance.

29. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including
>
>     (A)    the time spent on such services;
>
>     (B)    the rates charged for such services;

    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

    (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id*. § 330(a)(3).

30. In the instant case, Jenner respectfully submits that the services for which it seeks compensation in this Fourth Interim Application were necessary for and beneficial to the Trustee's efforts in administrating the Debtors' estates, and necessary to and in the best interests of the Debtors' estates. Jenner further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services provided to the Trustee.

31. In sum, the services rendered by Jenner were necessary and beneficial to the Debtors' estates, and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Accordingly, approval of the interim compensation sought herein for the Fourth Application Period is warranted.

### Approval On A Final Basis Of All Previously Allowed Fees

32. In addition, Jenner requests that the Court approve on a final basis the fees it previously allowed pursuant to Orders docketed as Docket Nos. 273, 472, and 503. The interim fee applications are docketed as Docket Nos. 265, 466, and 496.

**NOTICE**

33.    Notice of the hearing on Jenner's Fourth Interim and Final Application was sent to all counsel of record via the Court's ECF service.  Jenner has served twenty-eight days' notice of the hearing on this Fourth Interim and Final Application as part of the Trustee's Final Report.

WHEREFORE, Jenner respectfully requests: (i) allowance of compensation for professional services rendered during the Fourth Application Period in the amount of $64,887.50; (ii) allowance for actual and necessary expenses Jenner incurred during the Fourth Application Period in the amount of $2,882.44; and (iii) authorization for the Trustee to pay such amounts to Jenner for the professional services rendered and expenses incurred during the Fourth Interim and Final Application Period.

        CATHERINE STEEGE, not individually but as chapter 7 Trustee for the bankruptcy estate Calumet Photogrpahic, Inc., *et al.*

By:     /s/ *Catherine Steege*
        One of her Attorneys

Catherine Steege (6183529)
Melissa M. Root (6288246)
Landon S. Raiford (6297473)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, Illinois 60654-3456
PH:    (312) 923-2952
FAX:  (312) 840-7352

Dated:    March 11, 2021

12